Sullivan, J.
This was an indictment charging the defendant in the Court below, with retaining in his possession certain dies, and plates, and other apparatus, made use of in counterfeiting silver coin current in this State. The charge in the indictment is, “that the defendant on, &c., having in his possession and custody certain dies, and plates, and othei apparatus and instruments, made use of in forging and counterfeiting the silver coin which is current and in circulation *in the State of Indiana, did then and there knowingly, &c., retain and keep in his possession the said dies and plates, apparatus and other instruments, made use of in forging, &c., with intent, &e.” 'Verdict of guilty, and judgment on the verdict.
The case comes before us on exceptions taken to the opinion of the Court in giving certain instructions to the jury, and in refusing instructions asked by the defendant.
Among the instructions- asked by the defendant was the following: “That the State must prove, that the defendant Knowingly retained in his possession,some of the instruments specifically named in the indictment; and that proof of his having the possession of other apparatus not named in the indictment, though such as might be used in counterfeiting, would not be sufficient, under this indictment, to convict the defendant.” The Court refused the instruction asked, and thereupon instructed the jury “that to satisfy the allegation in the indictment, there must be proof that the defendant kept and retained in his possession a die, or plate, or other instrument or apparatus, used for counterfeiting the current coin of the State.”
We have heretofore decided in a case of this kind, that the indictment must describe, by name or otherwise, the instrument alleged to be in the defandant’s possession; and that without such description, the indictment would be insufficient. Chamberlain v. The State, May term, 1841. In the case before us, the indictment charges that the defendant retained in his possession certain dies, and plates, and other apparatus and *103 instruments, made use of in counterfeiting silver coin current in the State. The words “ other instruments and apparatus ” in the indictment are superfluous; and the offense really charged against the defendant is, that he knowingly retained in his possession certain dies and plates made use of in counterfeiting. It was therefore necessary to prove, in order to convict the defendant, that he did retain in his possession the dies or plates named in the indictment. If it were otherwise, a defendant might be convicted on evidence varying materially from the facts charged against him.
C. H. Test, for the plaintiff.
H. O’Neal, for the State.
"We are of opinion, therefore, that the Circuit Court erred *both in giving the foregoing instruction, and in refusing the instruction asked by the defendant. Under the instruction given, the defendant may have been convicted for retaining the possession of an instrument not named in the indictment, and in reference to which he had no notice and had not prepared his defense.
Other instructions were asked by the defendant, but the Court refused to give them as asked. The instructions given, however, embraced substantially all that the defendant could legally ask, and, with the exception of the instruction above noticed, were correct.
For the errors above named, the judgment must be reversed.
Per Curiam.—The judgment is reversed and the verdict set aside. Cause remanded, &c.